## Smith et al. v. Gaut, Administrator

*D. M. Anderson*, for plaintiff.

*Homer T. Gaut*, for defendant.

*Louis S. Oppenheim*, for additional plaintiff.

CUMMINS, J., April 7, 1947.—This case was instituted by a suit in assumpsit brought by Elmer E. Smith against Homer T. Gaut, administrator d. b. n. c. t. a. of the estate of Albert M. Gregg, deceased, to recover commissions alleged to be due him by reason of procuring the sale of real estate of decedent.

Defendant filed a petition to interplead, alleging that one Charles S. Warne, of Monongahela, Pa., also claimed the right to be paid such commissions, and asked and was granted the privilege to pay the disputed amount, to wit, $480, into court, and the parties interpleaded. After the rule to interplead had been granted the case proceeded to trial before the Hon. C. L. V. Acheson, without a jury. Such court found for plaintiff, Elmer E. Smith. Exceptions were filed to such adjudication on the ground of the failure of Smith to have a real estate broker's license.

In an opinion on such exception, the court sustained such exception, and granted a new trial. Counsel then, after notice to the parties, presented an amended statement of claim in which, among other matters, it was alleged that John S. C. Herron was the broker and Smith was a real estate salesman under him, and Herron was named as plaintiff in place of Smith. An order was made by the court, allowing such amended statement to be filed and granting time for a reply by Warne and Gaut. Counsel for Warne filed a demurrer to such pleading, and the case was placed on the argument list by præcipe to Herron's counsel, so that the merit of the demurrer might be determined. The matter is now before the court on such issue.

The first question to be decided is: May there be more than two claimants?

Rule 2302 of the Rules of Civil Procedure provides on interpleader: "At any time during the pendency of an action, the court, of its own motion or upon petition of a defendant, may interplead the plaintiff and one or more claimants not parties of record." More than one claimant may be interpleaded.

In Goodrich-Amram Procedural Rules Service, §2302.2, we find this commentary:

"Under these rules, any person may be interpleaded who makes a demand upon the defendant or is expected to make a demand upon him which is inconsistent in whole or in part with the claim asserted by the plaintiff. This protects the defendant from the vexation of defending a second suit brought by the adverse claimant and from the possibility of being held liable to both the plaintiff and the adverse claimant. . . .

"It is not necessary for the adverse claimant to have brought suit against the defendant before he may be compelled to interplead, but it is also immaterial that he has commenced such an action."

The second question, and we think the important one, is: What power has the court to permit an amendment which introduces an entirely new party to the issue?

A party, either by filed consent of the adverse party, or by leave of court, may at any time change the form of action, correct the name of a party, or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

As to the effective date of rules, and the effect on pending actions, the interpleader rules are made effective January 22, 1940: Rule 2324—"These rules shall become effective on the 22nd day of January, 1940, and shall apply to actions pending at that time."

This case was instituted by an action in assumpsit filed after such date.

It may be argued by counsel for Warne that, being originally an action of assumpsit, an amended statement of claim, being a statement in assumpsit, that the rules do not apply to pending actions.

In Goodrich-Amram Rules, at page 3, Justice Maxey's order of June 25, 1946, is recited and this comment appears: "January 1, 1947, is hereby fixed as the effective date of said Rules and they shall apply to actions pending at that time," while in Purdon's 1946 Cumulative Annual Pocket Part we find a note on page 187 which reads:

"Action of Assumpsit.

"The order of the Supreme Court, June 25, 1946, adopting the Rules of Civil Procedure governing Actions at Law, fixed Jan. 1, 1947, as the effective date and made said Rules applicable to actions pending at that time."

It is our understanding that the rules were applicable to all pending actions. However, since the present action has developed from a suit in assumpsit into an interpleader, and since the interpleader rules were effective in 1940, then the question of the effective date so far as pending actions of assumpsit are concerned is immaterial.

Under the rules, "the court may direct the interpleader of an adverse claimant upon its own motion. Whenever the court perceives that there is an outstanding adverse claim held by a person not a party to the action, the court, if such person is subject to its jurisdiction, should join him as an interpleaded claimant had petitioned for his interpleader.

"The court should take this step for two reasons. If the adverse claimant is not brought into the action, the judgment the court renders will not preclude him from suing the defendant thereafter and the defendant may be burdened with double liability. The bringing of the second suit will multiply litigation and impose additional labor upon the courts. It is in the public interest as well as in the private interest of the defendant to avoid such additional suits when it is possible to do so by interpleading the adverse claimant in the suit first brought" (Goodrich-Amram Procedural Rules Service §2302-1). This matter is, however, entirely in the discretion of the court.

In the last opinion in this case written by this court, in its fourth finding of fact the court said, "Charles S. Warne, the additional plaintiff, never secured a purchaser willing to pay $16,000 for the Gregg real estate, which Gaut, administrator, was trying to sell".

Since Charles S. Warne is the only person opposing this amendment and since his claim has already been declared to be without support, and the court feeling that all claimants should have a right to be heard as to their rights in this fund and in this matter, we feel the demurrer filed should be dismissed.

## Order

And now, April 7, 1947, the demurrer filed in behalf of Charles S. Warne is hereby dismissed and the amendment as prayed for is allowed and the case is placed on the current trial list for trial by the court without a jury, upon the additional party, John S. C. Herron, filing his written stipulation of the waiver of a jury trial heretofore filed.